**In re BEN FRANKLIN RETAIL STORE INC., et. al., Debtor.**

**Bankruptcy Nos. 96 B 19482, 96 B 19494, 96 B 19489, 96 B 19501, 96 B 19483, and 96 B 19497.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 27, 1997.

**316**

Allan S. Brilliant, Christopher J. Horway, Jeffrey M. Schwartz, Holleb & Coff, Chicago, IL, for Debtors.

Gerald Munitz, Alan P. Solow, Randall L. Klein, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Chicago, IL, J. Andrew Rahl, Jeffrey L. Glatzer, Anderson, Kill & Olick, P.C., New York City, for Jackson Na-

tional Life Insurance Co., and Foothill Capital Corp.,for Respondent.

Stephen Garcia, Hopkins & Sutter, Chicago, IL, for Unsecured Creditors' Committee.

Michael Eidelman, Altheimer & Gray, Chicago, IL, for Official Bondholders' Committee.

Michael Desmond, Dept. of Justice, Office of U.S. Trustee, Chicago, IL.

## Memorandum Opinion

RONALD BARLIANT, Bankruptcy Judge.

The law firm of Holleb & Coff represents the Debtors. They have reached an agreement with the secured lenders whereby they would be compensated under § 506(c) of the bankruptcy code[1] for their work completing the liquidation of the property of the estate. The secured lenders (Jackson National Life Insurance Company and Foothill Capital Corporation) have a lien in all that property. Right now, it is far from certain that there will be a surplus over the secured debt to pay any part of the administrative claims. If approved, the result of the agreement would be that Holleb & Coff would receive a greater percentage of their fees than other professionals retained under § 327. The committees of unsecured creditors and bondholders, as well as the United States Trustee, objected. They argue that the priority and distribution sections of the code require that creditors of the same priority receive pro rata distributions on their claims.[2] Section 506(c) does not create an exception to that general rule, even with the agreement of the secured lenders. The Court agrees, and denied the motion for reasons stated in open court. Because of the importance of this matter to the future of this case and to the parties, the Court has written this opinion to more fully explain its reasoning.

---

**1.** All statutory references are to the bankruptcy code, 11 U.S.C. § 101, et. seq., unless otherwise indicated.

**2.** See § 330 (professionals employed under § 327 may be awarded compensation from the estate); § 503(b)(2) (compensation under § 330 is an administrative expense); § 507(a)(1) (ad-

ministrative expenses entitled to first priority); § 726(a)(1) (in chapter 7 case, distributions are to be made in order of priority established by § 507); § 1129(a)(9) (in a chapter 11 case, holder of claim under § 507(a)(1) entitled to cash payment at confirmation of plan).

■ By its express terms, § 506(c) authorizes the trustee to recover from collateral certain "costs and expenses" related to that collateral "to the extent of any benefit to the holder of [the secured claim]." Section 506(c) is phrased in terms of reimbursement, not compensation. (Compare § 506(c) ("trustee may recover") with, e.g., § 330(a) ("court may award .... reasonable compensation").) Under that language, therefore, the expense must be allowable under some other section (e.g., § 330) before it is recoverable under § 506(c).

Holleb & Coff and the secured lenders do not dispute that construction. Rather, they argue that if the estate has paid the expense, the estate has a claim to reimbursement, but if the estate has not paid it, the individual claimant who provided the benefit is entitled to reimbursement.[3] In this case, they further argue, it is Holleb & Coff, and not the estate, that has a claim against the collateral because it is Holleb & Coff that has done the work necessary to liquidate that collateral and the estate has not paid for that work. As the secured lenders put it, "It is Holleb & Coff, individually, that has a claim against the accounts for its past and future efforts in attempting to collect them.... There is no role for the estate where it can only act as a

conduit of the payment." Memorandum of Secured Lenders in Support of Approval of Section 506(c) Agreement with Holleb & Coff, 2.

■ Nothing in the bankruptcy code or any authority known to this Court supports that argument. Section 506(c) itself does not distinguish between expenses paid and expenses incurred but not paid. It simply empowers the trustee to recover expenses. A trustee is, by definition, "the representative of the estate," § 323(a), not the representative of individual claimants. In a chapter 11 case, the debtor in possession represents the estate. § 1107. The plain language of § 506(c) compels the conclusion that "a section 506(c) recovery is for the benefit of the estate; it is not compensation to the trustee." *Collier on Bankruptcy* ¶ 506.04 (15th ed. Revised 1996). As the district court recently held in *In re Pink Cadillac Associates*, 1997 WL 164282,*4 (S.D.N.Y., April 8, 1997):

Section 506(c) does not entitle a trustee to recover personal compensation directly from a secured creditor.[4] Rather, it allows a trustee acting in his statutory role as representative of the estate, see 11 U.S.C. § 323(a) (1996), to recover the expenses incurred by the estate in preserv-

---

3. The secured lenders rely on *In re Codesco*, 18 B.R. 225, 230 (Bankr.S.D.N.Y.1982), as authority for this distinction between expenses incurred and paid and expenses incurred but not paid. That is an odd citation because one of the holdings in that case directly undercuts the secured lenders' position. In *Codesco*, the debtor's attorneys sought their fees from the collateral of a secured creditor under § 506(c). The application was denied for several reasons. It is true that there is language in the opinion that "the basis for recovery is that the costs were paid by the estate ....", and the secured lenders rely on that language to argue that actual payment is required before the estate may seek reimbursement. But they misread the facts in *Codesco*. The attorneys' fees had *not* been paid, just as they have not been paid in this case. Nevertheless, the court held that "[t]here is nothing in Code § 506(c) that creates an independent cause of action in favor of the debtor's attorneys against the holders of secured claims or their collateral." It further held that "[c]ounsel may not use Code § 506(c) as an alternative to avoid the requirements imposed under Code § 330. Therefore, the application in question is misdirected, impermissible and is dismissed." *Id.* Notwithstanding the use of the word "paid," the

court must have meant that the fees had to be *incurred,* in the sense of awarded under § 330, and that only the estate representative could seek reimbursement. *Codesco,* therefore, does not support the proposition for which it is cited, but does support its opposite.

4. In *Pink Cadillac*, the trustee sought compensation in excess of the amount allowed under the bankruptcy code section limiting trustee compensation, § 326. The trustee sought this extra pay from the proceeds of the sale of collateral for his work selling that property. The secured creditor consented, but the U.S. Trustee objected. The district court reversed the bankruptcy court's allowance of that compensation.

The fact that the trustee in *Pink Cadillac* was seeking compensation greater than allowed by the bankruptcy code does not distinguish the case from this one, where Holleb & Coff acknowledges that it is limited to compensation allowed by § 330. To the contrary, *Pink Cadillac* reinforces the conclusion that § 506(c) is a reimbursement provision for the benefit of the estate, not an independent compensation provision available to a trustee or any other claimant seeking personal compensation.

ing or disposing of the property securing the creditor's claim. If he recovers such expenses, "the recovered funds become available as an unencumbered asset for distribution to the secured [sic, should be 'unsecured'] creditors." *In re JKJ Chevrolet, Inc.*, 26 F.3d 481, 484 (4th Cir.1994). The trustee may then seek personal compensation from the estate.

Of course, if a trustee is not entitled to personal, direct relief under § 506(c), neither is any other administrative creditor.

It is true that many courts, on equitable grounds, have held that individual claimants have standing to directly seek compensation from the collateral of secured creditors under § 506(c). Other courts, relying on the plain language of the statute, have held that only the estate's representative has standing. See generally *Colliers*, 506.04[2]. Standing is not at issue here, because the motion is brought by the debtor in possession. The movants rely on the standing cases, however, to argue that Holleb & Coff has a direct right to reimbursement under § 506(c). But the authorities that support standing by individual claimants do not greatly help Holleb & Coff here because it does not appear that they had reason to consider the priority of distribution issue at the heart of this matter. Those courts that found standing may have had no problem with allowing the individual claimant to proceed directly against the secured creditor, rather than requiring the two step process the language of § 506(c) seems to assume.[5]

▪▪▪ Here, however, it is not the secured creditor, but other creditors of the same priority as Holleb & Coff who are objecting. Their complaint is that they will receive a lesser percentage of their claims than Holleb & Coff if this motion is granted. And it is precisely that problem that has led at least one court to emphatically reject the line of authority that allows standing to individual claimant:

> Allowing a party other than the trustee or debtor in possession the standing to sur-

charge under § 506(c) both violates the statute and a principal policy of bankruptcy law, as reiterated by the Supreme Court in decisions over more than the past hundred years, that like situated creditors must share equally in distribution. If an individual administrative claimant is permitted to independently seek to surcharge a secured creditor, it might receive a full reimbursement of its claim, while other administrative creditors might receive nothing or share pro rata. In effect, if successful in surcharging, the administrative creditor's status would be elevated from general administrative claimant to a superpriority administrative or secured claimant.

*Matter of Great Northern Forest Products, Inc.*, 135 B.R. 46, 67 (Bankr.W.D.Mich.1991). In accord, *In re JKJ Chevrolet, Incorporated*, 26 F.3d 481, 483 (4th Cir.1994) ("Limiting § 506(c) standing to trustees . . . is also consistent with a fundamental purpose of the Bankruptcy Code—equitable distribution to similarly situated creditors.").

More recently, the Supreme Court has held that the equitable subordination provision of the code, § 510(c), does not authorize bankruptcy courts to categorically reorder distribution priorities established by Congress. *United States v. Noland*, —— U.S. ——, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996); *U.S. v. Reorganized CF & I Fabricators of Utah, Inc.*, —— U.S. ——, 116 S.Ct. 2106, 135 L.Ed.2d 506 (1996). It is therefore impermissible, absent facts particular to the case, for courts to reorder priorities for equitable reasons under a statute that might be read to explicitly authorize just that. Yet the movants read § 506(c) to achieve the same end by arguing that professionals who benefit secured creditors are entitled to be paid ahead of other professionals in the same level of priority. But if § 506(c) is read according to its plain terms, it does not authorizes the sort of reordering of priorities that would result if the motion were granted, and these

---

**5.** First, the claimant should be awarded compensation under the appropriate section of the bankruptcy code (such as § 330); second, the trustee should seek reimbursement of that expense un-

der § 506(c). The cases that allow third party standing under § 506(c) collapse these steps into one.

Supreme Court decisions preclude such a reordering for equitable reasons.

Moreover, Holleb & Coff has no special claim or right with respect to the property it is liquidating. A professional, particularly the attorney for the trustee or debtor in possession, may well bring funds into the estate as a result of work related to a particular asset. That does not create a priority interest in those funds. That the assets here are collateral for the secured lenders' claim adds nothing to the argument. If a debtor in possession's attorney who liquidates an unencumbered asset has no priority claim to the proceeds as against other professionals, then there is no reason that such efforts will give rise to such a priority when the asset is encumbered.[6]

Finally, Holleb & Coff and the secured lenders argue that the estate and other creditors really have no interest here. This is the secured lenders' money and they can do what they want with it. It is, they say, no different than if the secured lenders simply wrote a check to Holleb & Coff. First, the property of this estate may be encumbered, but it is still property of this estate. It does not belong to the secured lenders; they only have a security interest in it. *Unisys Finance Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir.1992). So we are not talking about payments from the secured lenders; we are talking about distributions from the estate. And that is much different than if the secured lenders were proposing to write a check. Under the proposed order, the secured lenders would be allowed to add any compensation paid to Holleb & Coff to their claim under § 506(b). This Court agrees that a payment under § 506(c) may be recovered under § 506(b). But the effect of that is that any compensation to Holleb & Coff will be out of otherwise unencumbered estate assets, to the extent the secured claim is over secured beyond other § 506(b) claims. If Holleb & Coff simply waited until the case were over to recover its compensation out of that surplus, it would share pro rata with

other claimants of the same class. But under the proposed arrangement, it would be paid first, and then share in any remaining surplus on a pro rata basis to the extent of its unpaid fees. That would mean that estate assets would have been used to pay a greater percentage of Holleb & Coff's claim than others of the same priority.

This may seem like a "form over substance" argument, but like most form over substance arguments, there is more to it than that. First, creditors have a right to expect treatment according to the Bankruptcy Code. As the Supreme Court has now made abundantly clear, this Court's equitable power does not extend to changing that treatment for reasons that appeal to the Court. If it did, creditors who deal with bankruptcy estates would have far less certainty about their legal rights, with obvious adverse consequences. Second, and more to the present point, the net effect of the proposal here would be that estate professionals would be more likely to be paid for services that benefit secured creditors than for services that benefit unsecured creditors. In this case, Holleb & Coff has amply demonstrated its professionalism and total commitment to the interests of its client. The Court is completely confident that Holleb & Coff would continue to carry out its professional obligations with the same considerable skill and commitment if this proposal were approved. But issues of statutory construction cannot turn on the personalities involved in a particular case. And so far as this Court has been able to determine, nothing in the Bankruptcy Code confers on this Court the discretion to depart from the distribution priorities established by the code, even where substantial equities might exist.

For these reasons, this Court has entered an order denying the motion.

---

6. As another example, § 503(b)(3), (4) authorizes compensation to creditors who recover property for the benefit of the estate or otherwise make "a substantial contribution to the estate." Nothing in the code gives them a special right to receive that compensation from property they recover or other value they create. Rather, they share with other creditors according to the distribution priorities of § 507.